IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOND SEASE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 15 C 877 |
| | ) |
| OFFICER ANTHONY LEWIS, | ) Judge John Z. Lee |
| OFFICER LAWRENCE DARKO, | ) |
| and CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Raymond Sease has sued City of Chicago Police Officers Anthony Lewis and Lawrence Darko for false arrest and unreasonable search in violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983. Defendants have moved for summary judgment under Federal Rule of Civil Procedure 56 based upon the two-year statute of limitations. For the reasons provided below, the Court grants Defendants' motion and enters judgment in their favor.

### Factual Background

The following facts are undisputed unless otherwise noted. Sease was standing with two other men on the side of a restaurant on the corner of 85th Street and Stoney Island Avenue in Chicago on July 24, 2007, at around 12:30 a.m. Defs.' LR 56.1(a)(3) Stmt. ¶ 12. Officers Lewis and Darko, responding to a concerned citizen's report that some black males were selling narcotics in back of the restaurant, pulled their unmarked police car into the restaurant's parking lot. *Id.* ¶ 13.[1] The officers, who were dressed in plain clothes, got out of the car, and Officer Lewis approached Sease, while Officer Darko walked toward the other two men. *Id.* ¶¶ 14–15.

---

[1] Although Plaintiff denies paragraph 13 of Defendants' statement of fact, he fails to cite evidence to support the denial. *See* Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 13. Paragraph 13 is therefore deemed admitted for the purpose of summary judgment. *See* LR 56.1; *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)

As Sease walked toward Stony Island Avenue, Officer Lewis asked Sease to come over and talk to him for a minute. *Id.* ¶ 15; Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 4. At first, Sease walked toward Officer Lewis, but then he began running past the police car and kept running eastbound across Stony Island Avenue. Defs.' LR 56.1(a)(3) Stmt. ¶¶ 16–17. Officer Lewis gave chase. *Id.* ¶ 17. Sease ran into a gangway, and Officer Lewis followed. *Id.* ¶ 18.

The parties dispute what occurred next. According to Officer Lewis, he saw Sease running with a clear, plastic bag containing a white powder in his hand. *Id.* As Sease ran into a gangway, Officer Lewis saw him try to empty some of the bag's powdery contents and then throw the bag on the ground. *Id.*; Defs.' Ex. F, Lewis Dep. at 62:15–17. This was the basis for Sease's arrest. Defs.' LR 56.1(a)(3) Stmt. ¶ 18. Sease denies that he ever had a bag of white powder or dropped anything while he was running. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 11–12.

Officer Lewis then ordered Sease to get on the ground. *Id.* ¶ 9; Defs.' LR 56.1(a)(3) Stmt. ¶ 19. After Sease complied, Officer Lewis handcuffed him. Defs.' LR 56.1(a)(3) Stmt. ¶¶ 20–21. Officer Lewis searched Sease, and in Sease's right coat pocket, Officer Lewis found 10 to 30 grams of cannabis and approximately 30 grams of Viagra pills that had not been prescribed to Sease. *Id.* ¶¶ 22–23. The officers assert, and Sease denies, that they also found heroin, ecstasy, and Xanax during the search. *Id.* ¶ 23; Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 13–14.

Plaintiff admits that he was charged with possession with intent to deliver cocaine, as well as cannabis, heroin, ecstasy, and Viagra, in violation of 720 Ill. Comp. Stat. 570/402(a)(2)(A), 570/402(a)(7.5)(A), 570/402(a)(11), 570/402(c), 570/402(c), and 550/4(c).

---

("[W]hen a responding party's statement fails to controvert the facts as set forth in the moving party's statement in the manner dictated by [Local Rule 56.1], those facts shall be deemed admitted for purposes of the motion.").

Defs.' LR 56.1(a)(3) Stmt. ¶ 26.[2] What is more, at his bond hearing on July 24, 2007, the Cook County Circuit Judge told Sease: "Raymond Sease. You are charged with possession of cocaine. Finding of probable cause on that charge." Defs.' Reply Ex. B, 7/24/07 Bond Court Hr'g Tr. at 2:1–3. And the prosecutor recounted in open court that the "officers recovered 57 grams of cocaine with an estimated street value or $7,125, 3.2 grams of heroin, four pills of Viagra, two pills of MDMA [commonly known as ecstasy] and 20 grams of cannabis." *Id.* at 2:4-8.

Sease nonetheless contends that, because he did not have a bag of cocaine on the day of his arrest, he had no idea that the officers had accused him of cocaine possession. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 13, 21. According to Sease, he first discovered that the officers had made this accusation in October 2010, when he reviewed the discovery from his criminal case while in Cook County Jail. *Id.* ¶ 21. Sease also claims, and Defendants dispute, that he did not know that the officers had stopped him based on a concerned citizen's complaint until he had received the discovery at the end of 2010 or the beginning of 2011. *Id.* ¶ 22.

Sease eventually filed a motion to quash his arrest and suppress the evidence seized during his arrest before the Circuit Court, which was heard on February 23, 2012. The motion was initially denied on March 15, 2012, but was granted upon reconsideration on January 31, 2013. Defs.' LR 56.1(a)(3) Stmt. ¶¶ 32–34. In granting the motion to reconsider, the Circuit Court Judge acknowledged that there was contradictory case law regarding whether officers have a right to chase suspects, who flee in high crime areas, and stated that he felt his decision would be affirmed regardless of whether he granted or denied the motion. Defs.' Ex. J, 1/31/13 Hr'g Tr. at 2:12–4:11. Finally, the judge added, "I have no problem with what the police officers did. I think they were doing their jobs. . . . I'm going to grant your motion—but I want it to be clear

---

[2] While Plaintiff admits that he was charged with these offenses, he maintains that he did not have cocaine on him the day he was arrested. *See* Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 13; *see also* Pl.'s Ex. A, Pl.'s Dep. at 89:18–20.

that shouldn't reflect that the police didn't do what they were supposed to do by any stretch." Defs.' LR 56.1(a)(3) Stmt. ¶ 34. According to Sease, it was only at the initial February 23 hearing on his motion that he began to believe that the officers had invented the concerned citizen story to justify the stop. *Id.* ¶¶ 27, 31.

## **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Shell v. Smith*, 789 F.3d 715, 717 (7th Cir. 2015). To survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and instead must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012). The evidence considered for summary judgment "must be admissible if offered at trial, except that affidavits, depositions, and other written forms of testimony can substitute for live testimony." *Malin v. Hospira, Inc.*, 762 F.3d 552, 554–55 (7th Cir. 2014). The Court gives the nonmoving party "the benefit of conflicts in the evidence and reasonable inferences that could be drawn from it." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013). The Court must not make credibility determinations or weigh conflicting evidence. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010).

## **Analysis**

Defendants argue that Plaintiff's section 1983 claims for false arrest and unreasonable search are barred by the statute of limitations. The statute of limitations in section 1983 cases is governed by the state law limitations period for personal injury actions. *Ray v. Maher*, 662 F.3d

770, 772 (7th Cir. 2011). In Illinois, the statute of limitations for personal injury actions is two years. 735 Ill. Comp. Stat. 5/13-202.

Although state law determines the length of the statute of limitations period, federal law governs the date the statute of limitations period begins to run. *See Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993). In *Wallace v. City of Chicago*, the Seventh Circuit reaffirmed that the statute of limitations in a section 1983 claim for false arrest accrues on the day of arrest. 440 F.3d 421, 427 (7th Cir. 2006). The following year, the Supreme Court held in *Wallace v. Kato* that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." 549 U.S. 384, 397 (2007). After *Wallace v. Kato*, the Seventh Circuit has continued to hold that a section 1983 claim for a false arrest, as well as for an unreasonable search, accrues at the time of the arrest or search. *See, e.g., Neita v. City of Chi.*, 830 F.3d 494, 498 (7th Cir. 2016); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010).

Based on governing federal law, the two-year statute of limitations for Sease's section 1983 false arrest and unreasonable search claims accrued on the date of his arrest—July 24, 2007. Defs.' LR 56.1(a)(3) Stmt. ¶¶ 21, 24. Sease acknowledges that he filed his federal complaint over seven years later, on January 28, 2015, see ECF No. 1, but argues that his claims are nonetheless timely because Illinois law tolls the statute of limitations during the period in which a defendant fraudulently conceals a cause of action.

Where, as here, "federal courts borrow a state's statute of limitations, they also must also borrow the state's tolling rules." *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 483–86 (1980); *see Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 596 (7th Cir. 2001). Under Illinois' equitable tolling rules, the limitations period is tolled during the time that a defendant

5

fraudulently conceals the cause of action from a plaintiff. 735 Ill. Comp. Stat. 5/13-215; *see Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993). Illinois courts "require due diligence by the plaintiff who charges fraudulent concealment." *Shropshear*, 275 F.3d at 595 (citing *Turner v. Nama*, 689 N.E.2d 303, 309 (Ill. App. Ct. 1997); *Nickels v. Reid*, 661 N.E.2d 442, 449 (Ill. App. Ct. 1996); *Bank of Ravenswood v. Domino's Pizza, Inc.*, 646 N.E.2d 1252, 1261–62 (Ill. App. Ct. 1995); *In re Marriage of Halas*, 527 N.E.2d 474, 478 (Ill. App. Ct. 1988)). Accordingly, the statute of limitations is not tolled on the basis of fraudulent concealment where "the claimant discovers the fraudulent concealment, or should have discovered it through reasonable diligence, and a reasonable time remains within the remaining limitations period." *Smith v. Cook Cty. Hosp.*, 518 N.E.2d 336, 340 (Ill. App. Ct. 1987). "'Due diligence' is 'guided by reference to the hypothetical reasonable person,' and thus, 'where the evidence leaves no room for a reasonable difference of opinion, the court may properly resolve such issues as a matter of law.'" *Uppal v. Welch*, No. 15 C 8077, 2016 WL 2909652, at *7 (N.D. Ill. May 19, 2016) (quoting *In re Estate of Mondfrans*, 9 N.E.3d 1, 5 (Ill. App. Ct. 2014)).

Sease has not created a triable issue of fact as to whether the officers fraudulently concealed his causes of action for false arrest and unreasonable search. According to Sease, he believed that the police had illegally arrested and searched him on July 24, 2007. *See* Defs.' LR 56.1(a)(3) Stmt. ¶ 37; Defs.' Ex. D, Pl.'s Dep. at 165:5–23. Although Sease attempts to muddy the import of his admission, there is absolutely no ambiguity in his statement. *Compare* Defs.' LR 56.1(a)(3) Stmt. ¶ 37, *and* Defs.' Ex. D, Pl.'s Dep. at 165:5–23 ("Q: You knew that in July of 2007 that you were handcuffed for no reason, right? A: Yes. Q: And you knew you were searched for no reason? A: Yes. . . . Basically that's what I figured out in July . . . of 2007."), *with* Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 37, *and* Defs.' Ex. D, Pl.'s Dep. at 164:6–24, 165:1–24, 166:1–7 (Plaintiff's stating that "everything else that followed was brought to his attention . . .

between 2010 or 2011, once I read over the paperwork that they had on the case or the situation.").

Furthermore, Sease suggests that, because he did not have any cocaine or any of the other drugs—heroin, ecstasy, and Viagra—that the officers purportedly discovered during the search incident to his arrest, he had no reason to believe that the arrest was based upon *these* items (as opposed to the cannabis that he had), until he reviewed his arrest report in late 2010 or early 2011. But it is undisputed that Sease was charged with illegally possessing all of these drugs and informed of the basis for the charges during his bond hearing in 2007. Based on these facts, Sease had the information necessary to bring his claims for false arrest and illegal search at that time, and no reasonable jury could conclude that the officers fraudulently concealed these facts from him.

Sease also contends that it was not until he reviewed the arrest report that he discovered that the officers had come to the restaurant in response to a tip from a concerned citizen. But, even if that were the case, Sease has not provided any evidence that the police officers affirmatively concealed the arrest report or the facts in it. *See* Defs.' LR 56.1(a)(3) Stmt. ¶ 41; *see Worthington*, 8 F.3d at 1257 ("Mere silence of the defendant and the mere failure on the part of the plaintiff to learn of a cause of action do not amount to fraudulent concealment.") (internal quotation marks omitted).

Lastly, Sease argues that it was not until the February 23, 2012, hearing on the motion to quash that he began to believe that the officers had concocted the story of the concerned citizen to justify his arrest. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 31. But this is sheer speculation on Sease's part, and he provides no factual basis for it. *See* Defs.' Ex. D, Pl.'s Dep. at 168:24–169:3 (Q: "But you're not aware of anything that the officers did that prevented you from filing a civil lawsuit in 2007, right? A: At this time, no."). "Inferences that are supported by only speculation

7

or conjecture will not defeat a summary judgment motion." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004).

As an additional matter, Sease cannot point to any evidence to support the proposition that he acted with reasonable diligence to discover the facts necessary to bring his claims. First, as noted above, Sease concedes that he knew on July 24, 2007, that he had been wrongfully arrested and searched. *See* Defs.' LR 56.1(a)(3) Stmt. ¶¶ 17, 19–21, 37. Indeed, it is Sease's position that he did not possess the cocaine, heroin, ecstasy, or Viagra at the time of his arrest, Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 11–14, and he admits that he was charged with possession with intent to deliver cocaine, as well as cannabis, heroin, ecstasy, and Viagra. Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 26; Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 15; *see* Defs.' Reply Ex. B, 7/24/07 Bond Court Hr'g Tr. at 2:1-3; Defs.' Ex G, Certified Statement (showing that Sease was charged via indictment with possession with intent to deliver cocaine on August 16, 2007). Given these facts, a reasonable person, thinking that he had been arrested for and charged with crimes he did not commit, would have inquired about the factual basis for the arrest and charges. Yet, he did nothing, until—at least, according to him—he reviewed the discovery during the ordinary course of his criminal case.

For his part, Sease argues that he assumed the officers had probable cause to arrest him because he did possess cannabis at the time and, therefore, he had no reason to inquire further about the reasons for his arrest. *See* Pl.'s Mem. Opp'n Summ. J. at 12. But, again, it is undisputed that Sease was charged with illegally possessing the other drugs and that he was informed that the officers had recovered these drugs when they arrested him in 2007. Based upon this record, no reasonable jury would find that Sease did not have the facts that would prompt a reasonable person to actively inquire about the basis for these purportedly false accusations. *See In re Estate of Mondfrans*, 9 N.E.3d at 5 ("[W]here the evidence leaves no

8

room for a reasonable difference of opinion, the court may properly resolve such issues as a matter of law.").

When all of the facts, both disputed and undisputed, are viewed in Sease's favor, the record establishes that Sease knew or should have known he had been wrongfully arrested in 2007 and had two years to inquire into the wrongful arrest and gather more information about it. Instead, he filed his federal complaint on January 28, 2015, over seven and a half years after his arrest, four years after receiving the arrest report, three years after the officers testified at the February 23, 2012 hearing, and almost two years after the trial court quashed the arrest and suppressed the drug evidence. *See* Compl., ECF No. 1; Defs.' LR 56.1(a)(3) Stmt. ¶¶ 12, 20–21, 33; Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 22, 27, 31.

Sease advances a final argument to explain this delay, claiming that he was unable to obtain an attorney to pursue a civil case once his arrest was quashed on January 31, 2013.[3] Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 41. But even assuming, for the sake of argument, that this would excuse the time period from January 31, 2017, to the filing of his complaint, it does not excuse the five-year period preceding it. According, the Court concludes that no reasonable jury could find that Sease was reasonably diligent in trying to obtain the information necessary to support the claims that he is advancing here.

---

[3] Sease eventually filed his case without the aid of attorney by filling out the form complaint provided by the Clerk of the Court. *See* Compl. Two months after he filed the complaint, Sease retained an attorney, who filed an amended complaint and has represented him throughout the remainder of the litigation. *See* Attorney Appearance, ECF No. 8.

## **CONCLUSION**

For the reasons provided herein, the Court grants Defendants' summary judgment motion [71] because Plaintiff's claims are time-barred.  Because the Court holds that Sease's claims are untimely, it need not reach the merits of the time-barred claims.  Judgment is entered in favor of Defendants.  This case is hereby terminated.


**IT IS SO ORDERED.**                              ENTERED   9/26/17

_____

**John Z. Lee**
**United States District Judge**